UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KATIA DIVERJUSTE,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States; CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement and Removal Operations; and GREGORY ARCHAMBAULT, San Diego Field Office Director, U.S. Immigration and Customs Enforcement,

Respondents.

Case No.: 3:26-cv-5014-JES-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Katia Diverjuste's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a Return to the Petition. ECF No. 6. The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

Petitioner is a native of Haiti who came to the United States on November 23, 2023, at the Fort Lauderdale port of entry. ECF No. 1 ¶ 24. She was granted humanitarian parole and given work authorization. *Id.* ¶¶ 24, 25. After her entry to the United States, Petitioner alleges that she maintained a clean criminal record and pursued a claim of asylum. *Id.* ¶¶ 24, 27. On June 29, 2026, Petitioner was stopped and detained by ICE while on her way to work. *Id.* ¶ 26. While Petitioner had a hearing on September 23, 2026, regarding her asylum claim, she alleges she has not received a bond hearing. *Id.* ¶ 28. Petitioner is currently detained at Otay Mesa Detention Center. *Id.* ¶ 29.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5), and that they have "insufficient information regarding termination of that parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." ECF No. 6 at 2. While Respondents' position is that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2), they acknowledge that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions." *Id.* at 2–3 (citing multiple cases holding that discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b), is the controlling law when noncitizens located within the United States are arrested and detained). Consequently, Respondents "defer to the Court as to the appropriate relief." *Id.* at 2.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that she was previously paroled by the government in November 2023. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, See, e.g., *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2–3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2–3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2–3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2–3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220,

at *2–3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of her prior parole that existed at the time she was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **October 9, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Honorable James E. Simmons Jr.
United States District Judge